# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**TRIEST IRRIGATION, LLC,**

   Plaintiff.

v.

**DONALD VANCE HIERS, SR., *et al.*,**

   Defendants.

Case No. 7:18-cv-155 (HL)

### PROTECTIVE AND CONFIDENTIALITY ORDER

**THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.**

IT IS HEREBY STIPULATED AND AGREED by Plaintiff and Defendants in the above-captioned civil action (collectively, the "Parties"), and their attorneys, that in order to preserve and maintain the confidentiality of certain documents to be produced by the Parties in this action, this protective Order shall be executed by the Parties and entered by the Court.

1. When used in this Protective Order, the word "documents" means all documents, information, things, material, data, photographs, videotapes, live-action film, and all other tangible items, whether produced as a hard copy or in any digital form whatsoever, whether by CD-ROM, DVD, electronic mail, or otherwise.

2. The Parties may designate documents (whether responsive to initial or supplemental disclosures, requests for production of documents and things, written interrogatories, requests for admission, examination at deposition, or otherwise) as "Confidential." Documents may be designated "Confidential" by marking or stamping them with the word "Confidential." By designating documents "Confidential," such documents and all copies, prints, and other reproductions of such documents are

subject to this Protective Order (hereinafter "Confidential Material").

    3.    "Confidential Material" means information related to the disclosing party:

    (a)    which derives economic value, actual or potential, from not being generally known to disclosing party's competitors;

    (b)    which is not readily ascertainable by other persons who can obtain economic value from its disclosure or use;

    (c)    which is property of the disclosing party and peculiar to its business, the disclosure or use of which will be injurious to the disclosing party; or

    (d)    which may include each party's non-public information, including, without limitation, trade secrets, customer information, operating statements, statements of assets and liabilities, drawings, trademark designs, engineering specifications, product and system designs, material formulations and product concepts, raw or process materials, information pertaining to management, markets, financial data, financial structure, ownership, shipping, processing, methods or equipment, product or strategies relative to the business of the disclosing party, present and prospective, and other information and "know how."

Confidential Material also includes information which has been disclosed to disclosing party or its affiliates by a third party and which the disclosing party or its affiliates are obligated to treat as confidential.

Information shall not be considered Confidential Material if it can be demonstrated not to meet the definition set forth above or if it can be demonstrated:

    (a)    to have been rightfully in the possession of the receiving party prior to the date of the disclosure of such information to the receiving party by the disclosing party;

    (b)    to have been in the public domain prior to the date of the disclosure of such information to the receiving party by the disclosing party;

    (c)    to have become part of the public domain by publication or by any other means except an unauthorized act or omission on the part of the receiving party; or

(d) to have been supplied to the receiving party without restriction by a third party who, to receiving party's knowledge, is under no obligation to the disclosing party to maintain such information in confidence.

4. Documents produced in this action not identified as "Confidential" when they were first produced may thereafter be designated as "Confidential" by the producing party by providing written notice to counsel for all Parties along with appropriately designated copies of the previously produced documents. Parties receiving such written notice shall take action as soon as reasonably practicable to retrieve any Confidential Material that may have been disseminated.

5. After the production of documents designated as "Confidential," a receiving party may serve counsel for the producing party with written notice of an objection to such a designation, along with a written statement containing a list of the specific documents that the objecting party claims should not be designated "Confidential" and stating the reason(s) the objecting party believes the designation should be removed. Within ten (10) business days from receipt of such written objection and statement, the producing party shall respond to the objection in writing. Counsel for the Parties shall, then, within five (5) business days after the date of receipt by counsel for the producing party of the written objection and statement, meet and confer concerning the disputed designated documents. If an agreement cannot be reached between the Parties, the objecting party, within five (5) days from the date the meet and confer discussions end, shall contact the Court as required by Section III, H of the Scheduling and Discovery Order [Doc. 84] and seek a ruling that the documents so designated "Confidential" are not entitled to such status and protection. If such a request or motion is made, the producing party will have the burden to establish that the designation is proper. Until the Court rules on the request or motion, the documents shall be treated as Confidential Material, as originally designated.

6. Except as stated in the paragraphs below, the Parties shall preclude all persons from receiving, reading, or seeing Confidential Material, and the Parties may not share the Confidential Material with any other person including, but not limited to, any party, attorney, or claimant who is

pursuing

or contemplating litigation against the producing party.

7. Without the written consent of the producing party, documents designated as "Confidential" may be disclosed only to the following persons:

(a) the Parties and outside counsel for the Parties;

(b) the paralegal and clerical staff of outside attorneys;

(c) outside experts and consultants, and employees of such experts and consultants, who are retained by a Party to assist in preparation of the case to the extent reasonably necessary;

(d) actual or potential witnesses who are currently employed by the producing party, who were employed by the producing party at the time the Confidential Material was created, or who created or received the Confidential Material outside the context of this action;

(e) outside photocopying or graphic production services by a Party or its counsel to assist in preparation of this case;

(f) court reporters, videographers, stenographers, and court personnel;

(g) the Court in this action and any court hearing an appeal from judgment or order rendered by the Court in this action;

(h) jurors; and

(i) the staff of any of the foregoing persons.

Each person given access to Confidential Material shall be advised that the Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

8. In the case of the persons described in Paragraph 7(c) (hereinabove), an Agreement acknowledging the Protective Order and agreeing to be bound by the same, attached hereto as Exhibit A, shall be executed, delivered to, and maintained by counsel for the party employing such outside experts and consultants, prior to the delivery of the Confidential Material to the expert or consultant.

9. No person described in Paragraph 7 (hereinabove) shall under any circumstance sell, offer for sale, give away, advertise, or publicize either the Confidential Material or the fact that such persons have obtained Confidential Material.

10. Each party shall act to preserve the confidentiality of the Confidential Material. If such Confidential Material is filed with the Court, it shall be filed under seal, and shall expressly state that this Protective Order applies to such Confidential Material.

11. Counsel for any party wishing to use Confidential Material to examine at deposition witnesses who are not currently employed by the producing party, who were not employed by the producing party at the time the Confidential Material was created, or who did not create or receive the Confidential Material prior to production of the Confidential Material by the producing party, or who are not excepted from the non-disclosure requirements of this Order pursuant to Paragraph 7 (hereinabove) shall, prior to showing any such Confidential Material to the witness during the deposition, obtain the witness's written affirmation, by signing an acknowledgement in the form attached as Exhibit A, or acknowledging under oath during the deposition, that the witness has reviewed the Protective Order, acknowledges that the witness is bound by its provisions (including that the witness may not disclose the information to anyone and may not use the information for any purpose other than in connection with testimony in this action), understands that breach of the Protective Order could subject the witness to sanctions or damages, and consents to the jurisdiction of this Court for purposes of any action instituted for the breach of this Protective Order.

12. To the extent any Confidential Material is used when taking a deposition, the court reporter shall separately label each page of the deposition transcript "Confidential." At the time any Confidential Material is used in any deposition, the reporter and videographer will be informed of this Protective Order and will be required to operate in a manner consistent with this Protective Order. The room in which the deposition is being taken shall, at the request of the producing party, be closed to person(s) or categories of person(s) in accordance with the restrictions imposed by Paragraph 6 (hereinabove). The presence of persons and/or categories of persons subject to the restrictions imposed by Paragraph 6 shall constitute

justification for counsel of the producing party to advise or instruct the witness not to answer.

13. This Protective Order shall not apply to the disclosure of Confidential Material at the time of trial through the receipt of documents containing Confidential Material into evidence or through the testimony of witnesses at trial. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the Parties before or during the trial.

14. Any documents (including briefs), tangible things, or information designated as "Confidential" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected, confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

15. Upon final resolution of this action, by judgment or settlement, except for documents determined by a court not to be subject to the Protective Order as set forth in Paragraph 5 (hereinabove), counsel for the Parties, their staff and retained experts and consultants shall maintain the confidentiality of the Confidential Material. Alternatively, counsel for the parties to whom Confidential Material was provided shall destroy all copies and other reproductions of the Confidential Material and shall provide written verification of the destruction of the material to the producing party.

16. This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the Parties or through an order of the Court. If any provision of this Protective Order shall be held invalid for any reason, the remaining provisions shall not be affected and shall remain in full force.

17. This Protective Order shall be binding upon the Parties and their attorneys, and their respective successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18.     This Protective Order shall survive the termination of this action. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Protective Order following the final resolution of this action.

19.     **ADDED BY THE COURT**: The Court finds that good cause exists for the entry of this Protective Order with the following condition. Notwithstanding anything to the contrary in the foregoing Order, the Court finds that the Protective Order shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or during any hearing or trial. If a party seeks to rely upon any evidence covered by this Protective Order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery Protective Order.

This 20th day of January, 2023.

CONSENTED TO BY:

| MOORE CLARKE DuVALL & RODGERS, P.C. | LANGDALE VALLOTTON, LLP |
|---|---|
| /s/Matthew E. Eutzler | /s/ James R. Miller, IV |
| **MATTHEW E. EUTZLER** | **JAMES R. MILLER, IV** |
| Georgia State Bar No. 102706 | Georgia State Bar No. 159080 |
| s/ M. Drew DeMott | *Attorneys for Defendants Hiers, UIS Georgia,* |
| **M. DREW DEMOTT** | *and UIS Florida* |
| Georgia State Bar No. 217655 | 1007 North Patterson Street |
| *Attorneys for Plaintiff* | Post Office Box 1547 |
| 2611 N. Patterson Street, 2nd Floor (31602) | Valdosta, Georgia 31603-1547 |
| P.O. Box 4540 | E-Mail: jmiller@langdalelaw.com |
| Valdosta, Georgia 31601-4540 | |
| Telephone:  229-245-7823 | |
| E-Mail:   meutzler@mcdr-law.com | |
| E-Mail:   ddemott@mcdr-law.com | |

-8-

YOUNG, THAGARD, HOFFMAN, LLP
/s/ J. Holder Smith, Jr.
**J. HOLDER SMITH, JR.**
Georgia State Bar No. 661105
/s/ Jeremy D. Parker
**JEREMY D. PARKER**
Georgia State Bar No. 211180
*Attorneys for Defendants Irrigation Supply USA, Blanchett, and Ledesma*
P.O. Box 3007
Valdosta, Georgia 31604
E-Mail:  jaysmith@youngthagard.com
           jeremyparker@youngthagard.com


**SO ORDERED** this 2nd day of February, 2023.

*s/Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aem

## EXHIBIT A

**Agreement Concerning Confidential Material
Covered by the Protective Order**

      I, the undersigned, acknowledge that I have read the Protective Order of the United States Court for the Middle District of Georgia, Valdosta Division, concerning the action *TriEst Irrigation, LLC f/k/a United Irrigation Supply, LLC, Plaintiff, v. Donald Vance Hiers, Sr., United Irrigation Supply, Inc., a Georgia Domestic Profit Corporation, United Irrigation Supply, Inc., a Florida Profit Corporation, Brian Harmon Blanchett, Santiago Ledesma, III a/k/a Diego Ledesma, and Irrigation Supply USA, LLC, Defendants*, Civil Action No.: 7:18-CV-00155 (HL).  I understand the terms of the Protective Order, and agree to be bound by such terms, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Protective Order and for judicial action for any violation of the Protective Order.  I will use the materials subject to the Protective Order solely for purposes of the aforesaid litigation and agree to fully cooperate with respect to the protection of such materials in accordance with the terms of the Protective Order.

    Date this ____ day of _____, 20____.

_____
Print Name

_____
Signature

_____
Address

_____
Telephone Number